## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 25-MJ-48-GLJ** |
| | ) | |
| **ISAIAH LYNN WOOD,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### <u>ORDER</u>

This matter is before the Court for a Preliminary Hearing on the charges set forth in the Criminal Complaint alleging that on or about February 17, 2025, in the Eastern District of Oklahoma, Isaiah Lynn Wood, committed the crimes of (1) Assault with Intent to Commit Murder in Indian Country, in violation of Title 18, United States Code, Sections 113(a), 1151 and 1153, (2) Assault with a Dangerous Weapon with Intent to Commit Bodily Harm, in violation of Title 18 United States Code, Sections 113(a)(3), 1151 and 1153, and (3) Use, Carry, Brandish, and Discharge a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. 924(c).  For the reasons set forth below, the undersigned Magistrate Judge finds probable cause exists to believe that the offenses charged in Counts 2 and 3 were committed and the Defendant committed them, however, there is not probable cause to believe the offense charged in Court 1 was committed and, therefore, it is dismissed.

It is alleged that on or around February 17, 2025, the Defendant stole a firearm from his brother-in-law in Lawton, Oklahoma.  Around 9:30 p.m. on February 17, 2025,

Defendant entered through an unlocked door a residence located in Marietta, Oklahoma, Love County, within the Eastern District of Oklahoma. The residence was known to be occupied by Defendant's mother (Victim 1), Defendant's stepfather (Victim 2), Defendant's ex-girlfriend, Autumn Hays, and Defendant and Ms. Hays' two-year old child ("Child"). Defendant previously resided at the residence but was no longer welcome to do so. Upon hearing a noise, Victim 1 entered the bedroom in which the Child slept. Although Ms. Hays was not present at this time, this is the bedroom in which she slept when at the residence. Upon Victim 1 entering the bedroom, Defendant pointed a firearm to Victim 1's face, then pressed the firearm to her forehead and struck Victim 1 in the head and face. After Victim 1 and Defendant moved to a bathroom, Defendant continued to hold the firearm to Victim 1's head while striking her head and face. Victim 2 entered the bathroom, and a struggle ensued over the firearm. Although the affidavit in support of the Criminal Complaint alleges simply that Defendant shot Victim 2 in the chest, causing injury to both lungs, testimony at the Preliminary Hearing indicates that Defendant told an FBI special agent that he only intended to fire a warning shot over everyone's head but, because of the struggle for the gun, when he fired the firearm Victim 2 was shot. Defendant told the FBI special agent that he did not intend to shoot Victim 2.

After Victim 2 was shot, he exited the bathroom and house and went to a vehicle. Victim 1 continued struggling with Defendant over the firearm and when it jammed, she exited the bathroom and retrieved a firearm from her bedroom. After retrieving the firearm, Victim 1 and Defendant may have exchanged gunfire towards each other, although neither

person was struck.  Approximately five shell casings were located inside the residence, although no evidence was produced at the Preliminary Hearing as to which shell casings were attributable to which firearm involved.  After Victim 1's firearm jammed, she exited the house and drove Victim 2 to obtain medical attention.

When law enforcement arrived at the Residence, Defendant had barricaded himself in the residence with the Child.  During communications with law enforcement on the scene, Defendant threatened to commit suicide.  After exchanging the Child for a vape pen, law enforcement was able to distract and subdue Defendant.  After taking Defendant into custody, the Love County Sheriff's Department transported him to Lighthouse Behavior Health Center due to his suicidal ideation.

A determination of probable cause is based on the totality of the circumstances, practicality and common sense.  It is more than a mere suspicion, but less than a preponderance of the evidence.  It does not mean "more likely than not."  "Because 18 U.S.C. § 113(a)(1) is an attempt crime, it requires 'a specific intent to kill the victim . . . . [A]cting with malice by committing a reckless and wanton act without also intending to kill the victim is not sufficient for conviction.'"  *United States v. Currie*, 911 F.3d 1047, 1054 (10th Cir. 2018) (quoting *United States v. Perez*, 43 F.3d 1131, 1138 (7th Cir. 1994) (quoting *United States v. Jones*, 681 F.2d 610, 611 (9th Cir. 1982)).  "'To prove an attempt crime, the government must prove an [ ] intent to commit the substantive offense. . . .'"  *Id*. (quoting *United States v. Brooks*, 67 F.4th 1244, 1248 (10th Cir. 2023) (quoting *United States v. Vigil*, 523 F.3d 1258, 1267 (10th Cir. 2008)).  "'Although a murder may be

committed without an intent to kill, an attempt to commit murder requires a specific intent to kill.'" *Id*. (quoting *Braxton v. United States*, 500 U.S. 344, 351 n.* (1991) (internal quotation marks and citation omitted)). "'Acting with malice by committing a reckless and wanton act without also intending to kill the victim is not sufficient for conviction.'" *Id*. at 1249 (quoting *Currie*, 911 F.3d at 1054).

As the Government conceded at the Preliminary Hearing, the three counts alleged in the Criminal Complaint are not specifically identified as to Victim 1 or Victim 2. To the extent that Count 1 is directed at Victim 2, there is no probable cause because there is insufficient evidence to support the intent element under 18 U.S.C. § 113(a)(1). The testimony at the Preliminary Hearing was the Defendant stated he did not intend to shoot Victim 2, but only intended to fire a warning shot. While wanton and reckless, such evidence is insufficient to show intent. The Government did not present any evidence contrary to or disputing Defendant's statement or supporting any intent to shoot Victim 2.

To the extent Count 1 is directed at Victim 1, the Government appears to be relying on the exchange of gunfire between Victim 1 and Defendant. The evidence of this exchange of gunfire, however, is at best vague as to what occurred. The testifying agent had no nonspeculative knowledge that Defendant fired at Victim 1 and had no knowledge of the physical crime scene investigation, including the location of any bullets, bullet holes, shell casings, or other evidence that might shed some light on what allegedly happened. Indeed, the evidence is that when Victim 1 left Defendant in the bathroom his firearm had

jammed so it is not clear if his firearm was even able to fire any shots at Victim 1.  As a result, there is insufficient evidence to support Count 1 as to Victim 1.

As to Counts 2 and 3, there is sufficient evidence to find probable cause exists that the alleged offenses occurred as to Victim 1 and that Defendant committed them.

**DATED** this 3rd day of March, 2025.

**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**