IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ISAIAH LYNN WOOD,

        Defendant.

Case No. 25-CR-44-JFH

## OPINION AND ORDER

Before the Court is a Motion in Limine ("Motion") filed by Defendant. Dkt. No. 41. The Government has responded to Defendant's Motion. Dkt. No. 49.

In a seven count Indictment, the Government alleges that, on the night of February 17, 2025, Defendant broke into his mother's home where his two-year-old daughter and the mother of his child resided with Defendant's mother and stepfather; the Government alleges that Defendant subsequently shot his stepfather in the chest and also shot at his mother.

Defendant moves to exclude from trial any evidence or testimony: 1) that, four months prior to the incident, Defendant had been expelled from his mother's home after threatening to kill his child and then himself; and 2) that Defendant had drank alcohol and smoked marijuana a day before the alleged crimes. For the reasons set forth below, Defendant's Motion is denied at this time. However, as to both categories of evidence under review, should the Government seek to introduce such evidence at a trial, it is directed to first approach the Court and seek to introduce such evidence out of the hearing of the jury.

## AUTHORITY AND ANALYSIS

"The purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to the issues that are definitely

1

set for trial, without lengthy argument at, or interruption of, the trial." *Mendelsohn v. Sprint/United Management Co.*, 587 F.Supp.2d 1201, 1208 (D. Kan. 2008) *aff'd,* 402 Fed.App'x 337 (10th Cir. 2010) (quotation and citation omitted). In many instances, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in the proper context. *Id.* A court will generally not grant a motion *in limine* unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible on *all* potential grounds." *Tulsa Zoo Management, Inc. v. Peckham Guyton Albers & Viets, Inc.*, No. 17-CV-644, 2019 WL 1562147, at *1 (N.D. Okla. Mar. 5, 2019) (citation and quotation omitted).

> **I.    The Court will not exclude at this time evidence that Defendant had been excluded from his mother's home for threatening to harm his child.**

Defendant seeks to exclude from evidence the fact that four months prior to the charged conduct, Defendant's mother had excluded him from her home for threatening to kill his two-year-old daughter and then himself. Defendant argues that such evidence is both irrelevant and highly prejudicial. Dkt. No. 41 at 3-4.

The Government opposes Defendant's Motion in Limine arguing that such evidence may be shown to be relevant to Defendant's motive on the night of the charged conduct because Defendant's violent break-in may have been motivated by the fact that he had been excluded from the home and from seeing his child. Dkt. No. 49 at 7-9.

Should the evidence support the Government's contention that Defendant's alleged conduct stemmed from his exclusion from his mother's home and his prohibition from having contact with his daughter, then evidence that Defendant had previously been excluded from the home for threatening to harm his child would be highly relevant. Such evidence would be relevant to Defendant's motive in committing the alleged conduct and could shed light on Defendant's state of mind and intent on the night of the charged conduct.

Defendant argues that, should the jury hear that Defendant had previously threatened to harm his daughter, it may be emotionally inflamed by such testimony and led to decide against Defendant on an emotional basis. But there is no escaping that the alleged criminal conduct in this matter is emotionally fraught: it is alleged that Defendant broke into his mother's home, shot his stepfather, shot at his own mother, and then held his two-year-old daughter hostage in an extended standoff with law enforcement. In this Court's view, Defendant's alleged prior threat to harm his child does not seem any more likely to inflame a jury than the facts of his alleged conduct. Moreover, the Government represents that its witnesses may testify that Defendant made similar threats to harm his child on the night of the charged conduct; if this is the case, then there is no reason to believe that a jury would be particularly inflamed by hearing that Defendant had done the same thing on a previous occasion.

The Court does not believe that evidence of Defendant's prior threat to harm his daughter presents a great danger of unfair prejudice given its context in this case. Certainly, the danger of unfair prejudice does not "substantially outweigh" the probative value of the proposed evidence. Fed. R. Evid. 403. As such, Defendant's Motion in Limine to exclude evidence that he had previously been evicted from the home for threatening to harm his daughter is denied, and such evidence may be admitted upon proper foundation. However, the Government is advised that, before introducing such evidence at trial, it is directed to approach the Court and seek to introduce such evidence outside of the hearing of the jury so that more argument may be heard and the Court may determine if a proper foundation has been laid.

## II. Evidence that Defendant had consumed alcohol and marijuana on the day before the alleged conduct may be admissible.

Defendant seeks to exclude from trial evidence that, during the day before the alleged conduct, Defendant consumed alcohol and marijuana; Defendant argues that, given the time that

3

lapsed between his consumption of these substances, Defendant would no longer have been under any intoxicating effects from these substances at the time of the alleged crimes and, as such, this evidence would be irrelevant.

The Government responds, firstly noting that Defendant's statements are not entirely clear concerning when he consumed the alcohol and marijuana and, in fact, his statements may indicate that his use occurred on the day of the alleged crimes. Dkt. No. 49 at 5-6. Nevertheless, the Government represents that it does not seek to introduce such evidence during its case-in-chief, and wishes only to be permitted to introduce such evidence should the Defendant open the door for such evidence through his own testimony or as impeachment evidence. *Id*. at 6-7.

Given the Government's position, the Court grants Defendant's Motion in Limine to this extent: the Government is not to introduce evidence of Defendant's consumption of alcohol and marijuana in its case-in-chief except as impeachment evidence or should Defendant open the door for such evidence. The Government should approach the Court, out of the hearing of the Jury, before seeking to introduce such evidence.

WHEREFORE, the Defendant's Motion in Limine is denied in part and granted in part; the denial of Defendant's motion is without prejudice to reasserting the issues raised.

Dated this 1st day of May 2025.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE